IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| JANE M. HURT, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. _____ |
| | : | |
| | : | |
| THE UNITED STATES OFFICE OF PERSONNEL MANAGEMENT, and METROPOLITAN LIFE INSURANCE COMPANY, | : : : : | |
| | : | |
| Defendants. | : | |

# COMPLAINT

COMES NOW, Plaintiff in the above-styled action, JANE M. HURT (hereinafter "Mrs. Hurt"), and makes her "Complaint" under the Federal Employees' Group Life Insurance Act, 5 U.S.C. §871 et seq. ("FEGLIA") against Defendant, THE UNITED STATES OFFICE OF PERSONNEL MANAGEMENT (hereinafter "OPM"), and METROPOLITAN LIFE INSURANCE COMPANY (hereinafter "MetLife"), and, in support thereof, shows this Honorable Court the following:

## Parties

1.

Mrs. Hurt is an individual residing in Macon, Bibb County, Georgia.

2.

Mrs. Hurt is a citizen of the State of Georgia.

3.

OPM is an agency of the United States government. OPM has overall responsibility for

administration of the Federal Employees' Group Life Insurance (FEGLI) program, 5 U.S.C. §8716. Service of process may be perfected upon OPM via the Office of the Inspector General, 1900 E. Street NW, Room 6400, Washington, D.C. 20415-1100.

4.

MetLife is a corporation organized and existing pursuant to the laws of the State of New York. MetLife issues FEGLI policies to OPM. MetLife also has an administrative unit known as the Office of Federal Employees Group Life Insurance which is responsible for administering the claim process of FEGLI policies. MetLife at all times relevant to this Complaint maintained offices and conducted business in the State of Georgia. Service of process may be perfected upon MetLife's registered agent, C. T. Corporation System, 289 S. Culver Street, Lawrenceville, Georgia 30046-4805.

## Statement of Jurisdiction and Venue

5.

This Honorable Court has original jurisdiction of this action pursuant to 28 U.S.C. §1331 because this action arises under FEGLIA.

6.

Venue is appropriate in this district because the Plaintiff resides in this district and a substantial part of the events giving rise to the claims occurred in this district. 28 U.S.C. §1391(e)

## Statement of Claims

7.

Mrs. Hurt is the widow of a former federal government employee, Garland L. Hurt (hereinafter "Mr. Hurt").

8.

Mr. Hurt had a $15,000.00 life insurance benefit with OPM. On September 28, 2023, Mr. Hurt passed away. Mrs. Hurt made a claim for the aforementioned life insurance benefit and, in conjunction therewith, provided Mr. Hurt's death certificate.

9.

However, in response to her application, OPM informed Mrs. Hurt that Mr. Hurt's estate was the beneficiary of the life benefit.

10.

Thus, on February 28, 2024, Mrs. Hurt filed a "Petition for Year's Support" with the Bibb County Probate Court (Estate No.: 24PV47773) seeking to set aside certain estate property, including the above mentioned FEGLI benefit, to her as the surviving spouse.

11.

On March 14, 2024, Bibb County Probate Court issued the "Final Order for Year's Support" which granted to Mrs. Hurt the property listed on "Exhibit A," including the aforementioned the FEGLI benefits – Claim No.: 20231003114, as Mr. Hurt's surviving spouse.

12.

On March 15, 2024, Mrs. Hurt's counsel sent a letter to FEGLI enclosing the "Final Order for Year's Support" and indicating that the "Order" awarded any property shown on the schedule of property "Exhibit A" to Mrs. Hurt as decedent's surviving spouse and, more specifically, noting that the FEGLI life insurance benefit (claim no.: 20231003114) was listed thereon.

13.

OPM has failed and refused to recognize Bibb County Probate Court's "Final Order for

Year's Support." Despite the fact that Georgia law (O.C.G.A. 53-3-9(b)) states "[w]hen property is set apart as a year's support for the benefit of the surviving spouse alone, the spouse shall thereafter own the same in fee, without restriction as to use, encumbrance, or disposition."

14.

Instead, OPM has continued to insist that an estate has to be set up with an Administrator appointed to handle the affairs of the estate.

15.

In light of the above, Mrs. Hurt challenges OPM's decision and seeks judicial review under the Administrative Procedures Act (AP) 5 U.S.C. §701 et seq.; pursuant to which the Court "shall … hold unlawful and set aside agency action, findings, and conclusions found to be … arbitrary, capricious, and abuse of discretion, or otherwise not in accordance with the law." 5 U.S.C. §706(2)(A).

16.

For the reasons stated above, OPM's refusal to acknowledge and comply with a valid Court order was unlawful and based on OPM's findings and conclusions which were arbitrary, capricious, and an abuse of discretion, or otherwise not in accordance with the law.

**WHEREFORE,** Mrs. Hurt prays that this Honorable Court:

(a) Order Defendants to pay Mrs. Hurt the monies due and owing to her;

(b) Order Defendants to pay interest on all monies due and owed;

(c) Award Mrs. Hurt reasonable attorney's fees and cast all costs of this action against Defendants; and

(d) Provide Mrs. Hurt with such other and further relief that this Court may deem appropriate under the circumstances.

RESPECTFULLY SUBMITTED, this 29th day of August, 2025.

                                              WESTMORELAND, PATTERSON, MOSELEY
                                                  & HINSON, LLP
                                              Attorneys for Plaintiff

                                            s/BRADLEY G. PYLES
                                            Georgia Bar No.:  590545

577 Mulberry Street, Suite 600
Post Office Box 1797
Macon, Georgia 31202-1797
Ph.:  (478) 745-1651
Fax: (478) 750-0912
brad@wpmhlegal.com